IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

OLLIE LEE EVANS, #63213                                                                                  PLAINTIFF

VERSUS                                                          CIVIL ACTION NO.  3:12-cv-112-CWR-FKB

EMMITT SPARKMAN, et al.                                                                            DEFENDANTS

MEMORANDUM OPINION

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Ollie Lee Evans, #63213, is an inmate at the South Mississippi Correctional Institution, Leakesville, Mississippi. He has filed the instant civil action pursuant to 42 U.S.C. § 1983 against Emmitt Sparkman, Dolester Foster, Washington, Johnson, Mrs. Unknown Blank and Ada Dorcy.

## I. Background

Plaintiff complains that on or about August 5, 2011, he filed a request with Mrs. Linda Holman and Defendant Sparkman about a job at the Governor's mansion as well as a transfer. Comp. [1], p.3. According to Plaintiff, he was denied the job and transfer because of racial discrimination. *Id*. Additionally, Plaintiff submitted said request to Defendants Johnson, Washington, Morris and Blank, who also denied Plaintiff's job and transfer request based on racial discrimination. *Id.*

## II. Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is

immune from such relief." The Court has permitted Plaintiff to proceed *in forma pauperis*[1] in this action; therefore his Complaint is subject to *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2).

Having reviewed the allegations of the instant complaint as well as the record, this Court finds that Plaintiff asserts the same allegations relating to his request that he be assigned a job at the Governor's mansion and a transfer which were denied because of alleged racial discrimination in *Evans v. State*, civil action number 3:12-cv-88-CWR-FKB, filed on February 7, 2012, and is presently pending before this Court. "[I]t is 'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994-95 (5th Cir. 1993); *see also Wendt v. Rainey*, 98 Fed. App'x 303, 304 (5th Cir. Apr. 26, 2004). Plaintiff's allegations in this complaint are duplicative of the claims he is presently litigating in civil action number 3:12-cv-88-CWR-FKB. Clearly, Plaintiff is entitled to "one bite at the litigation apple--but no more." *Pittman*, at 995. Accordingly, this Court concludes that the instant action filed by Plaintiff is malicious. However, it is dismissed without prejudice so that he may pursue said claims in civil action number 3:12-cv-88-CWR-FKB, and is dismissed with prejudice to the extent it is malicious. *See Id*.

### III. Conclusion

As discussed above, Plaintiff cannot maintain this cause of action against the named defendants. Consequently, this complaint will be dismissed without prejudice so that Plaintiff may pursue these claims in civil action number 3:12-cv-88-CWR-FKB, and will be dismissed with prejudice to the extent it is malicious pursuant to 28 U.S.C. Section 1915(e)(2)(B)(i).

Since this case is dismissed pursuant to the above mentioned provision of the Prison

---

[1] Plaintiff was granted permission to proceed *in forma pauperis* by order dated March 19, 2012.

2

Litigation Reform Act, it will be counted as a "Strike"[2]. If Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED this the 20th day of March, 2012.

s/Carlton W. Reeves
UNITED STATES  DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."